# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DNA GENOTEK INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 15-355-SLR |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ANCESTRY.COM DNA, LLC, | ) |
| | ) |
| Defendant. | ) |

## ANCESTRYDNA'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS GENOTEK'S WILLFUL INFRINGEMENT, CONVERSION, TRESPASS TO CHATTEL, AND ACTION TO QUIET TITLE CLAIMS

OF COUNSEL:

Michael Sacksteder
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Melanie L. Mayer
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Tel: (206) 389-4510

Dated: August 10, 2015
1197715 / 42476

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant*
*Ancestry.com DNA, LLC*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS ............................................1

III. SUMMARY OF ARGUMENT ..............................................................................2

IV. STATEMENT OF FACTS .....................................................................................3

    A. Genotek's Willful Infringement Cause of Action......................................4

    B. Genotek's Breach of Contract, Conversion, Trespass to Chattel, and Action to Quiet Title Causes of Action..................................................................5

V. GENOTEK'S WILLFUL INFRINGEMENT ALLEGATIONS DO NOT PLEAD ANY FACTS SHOWING AN OBJECTIVE RECKLESSNESS OF THE INFRINGEMENT RISK .......................................................................................7

VI. GENOTEK'S CONVERSION AND TRESPASS TO CHATTEL CLAIMS ARE BARRED UNDER THE ECONOMIC LOSS DOCTRINE ................................9

    A. Genotek's Conversion and Trespass to Chattel Claims Are Governed by Utah Law........................................................................................................9

    B. Under Utah Law, Genotek's Conversion and Trespass to Chattel Claims Are Barred Under the Economic Loss Doctrine Since They Are Based on the Same Conduct as Genotek's Breach of Contract Claim ..................................10

VII. GENOTEK'S ACTION TO QUIET TITLE CLAIM SHOULD BE DISMISSED ..........12

VIII. CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Advanced Recovery Sys. LLC v. Am. Agencies LLC*,
 No. 2:13-cv-00283-DAK, 2013 U.S. Dist. LEXIS 160623
 (D. Utah Nov. 7, 2013) ..................................................................................2, 3, 10, 11

*Benihana of Tokoyo, Inc. v. Benihana, Inc.*,
 828 F. Supp. 2d 720 (D. Del. 2011) ......................................................................................10

*Boyce Thompson Inst. for Plant Research v. MedImmune, Inc.*,
 No. 07C-11-217-JRS, 2009 Del. Super. LEXIS 185
 (Del. Super. Ct. May 19, 2009) ......................................................................................9, 10

*Circuit City Stores, Inc. v. Citgo Petroleum Corp.*,
 No. 92-CV-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ......................................................2

*Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*,
 408 F.3d 1374 (Fed. Cir. 2005) ......................................................................................2, 8, 9

*In re Seagate Tech. LLC*,
 497 F.3d 1360 (Fed. Cir. 2007) ......................................................................................7

*MONEC Holding AG v. Motorola Mobility, Inc.*,
 897 F. Supp. 2d 225 (D. Del. 2012) ......................................................................................2, 7, 8

*Spherix Inc. v. Cisco Sys., Inc.*,
 C.A. No. 14-393-SLR, 2015 U.S. Dist. LEXIS 41069 (D. Del. Mar. 31, 2015) ......................7

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*,
 C.A. No. 10-425-LPS, 2012 WL 1134318 (D. Del. Mar. 28, 2012) ......................................2, 7, 8

*Talbot v. Sentinel Ins. Co.*,
 No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763 (D. Nev. Mar. 29, 2012) ......................2

*W. States Contracting v. Spilsbury*,
 No. 2:10-CV-1141-TC, 2014 U.S. Dist. LEXIS 119731
 (D. Utah Aug. 26, 2014) ......................................................................................3, 12

*Walker v. Union Pacific R.R. Co.*,
 844 P.2d 335 (Utah Ct. App. 1992) ......................................................................................12

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... *passim*

Federal Rule 12(a)(4)(A) ................................................................................................................2

**OTHER AUTHORITIES**

Restatement (Second) of Conflict of Laws, Section 145(1) ..........................................................9

## I. INTRODUCTION

The amended complaint filed by DNA Genotek Inc. ("Genotek") (D.I. 7) includes superfluous causes of action that should be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The amended complaint alleges five claims against defendant Ancestry.com DNA, LLC ("AncestryDNA"): (1) patent infringement, including willful infringement; (2) breach of contract; (3) conversion; (4) trespass to chattel; and (5) action to quiet title. This motion requests dismissal of Genotek's willful infringement, conversion, trespass to chattel, and action to quiet title claims.

First, the willfulness component of the patent infringement claim should be dismissed, because Genotek failed to plead a sufficient basis for AncestryDNA's knowledge of the patent-in-suit. Second, the conversion, trespass to chattel, and action to quiet title claims are barred by the "economic loss" doctrine, because as pled, they arise from (and are coextensive with) the breach of contract claim. Genotek's trespass to chattel claim also fails because Genotek fails to plead any damage to the chattel in question—AncestryDNA's patent applications. Finally, the quiet title claim fails for two separate, alternative reasons, depending on the law that applies. Under Utah law, the claim fails because Genotek does not allege that it has an existing title to the AncestryDNA patent applications in question. Under Ontario law, the claim fails because it does not relate to title for real property.

Accordingly, Genotek's third, fourth, and fifth causes of action should be dismissed in their entirety, and the willfulness allegations of the first cause of action should be dismissed as well.

## II. NATURE AND STAGE OF THE PROCEEDINGS

Genotek filed a complaint against AncestryDNA on May 4, 2015 alleging (1) patent infringement (including willful patent infringement); (2) breach of contract; (3) conversion; (4) trespass to chattel; and (5) action to quiet title. (D.I. 1.) On July 24, 2015, Genotek filed a first amended complaint alleging the same causes of action. (D.I. 7.) This motion requests dismissal of Genotek's willful infringement, conversion, trespass to chattel, and action to quiet title claims under Rule 12(b)(6).[1]

## III. SUMMARY OF ARGUMENT

1.  Genotek's willful infringement claim should be dismissed because Genotek fails to plead any facts giving rise to at least a showing of objective recklessness of the infringement risk. *See, e.g.*, *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, C.A. No. 10-425-LPS, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012). The complaint must adequately allege, *inter alia*, factual circumstances in which the patent-in-suit was called to AncestryDNA's attention. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012). Genotek alleges no such circumstances, relying instead solely on an allegation that it marked its products with a patent number. But such purely constructive notice is insufficient as a matter of law to state a claim for willful infringement. *Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GmbH,* 408 F.3d 1374, 1377-78 (Fed. Cir. 2005). The willful patent infringement claim should therefore be dismissed.

---

[1] The present motion seeks partial dismissal of Genotek's amended complaint. (D.I. 7.) Pursuant to Federal Rule 12(a)(4)(A), this suspends the time to file an answer, including an answer to those claims that are not subject to the motion to dismiss. *See, e.g.*, *Talbot v. Sentinel Ins. Co.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012); *Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, No. 92-CV-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994).

2. Genotek's conversion and trespass to chattel claims fail under Rule 12(b)(6). Under the "economic loss" doctrine, tort claims are barred where they are based on the same conduct as a breach of contract claim. *Advanced Recovery Sys. LLC v. Am. Agencies LLC*, No. 2:13-cv-00283-DAK, 2013 U.S. Dist. LEXIS 160623, at *14-15 (D. Utah Nov. 7, 2013). Genotek's conversion and trespass to chattel claims are based on the exact same conduct as its breach of contract claim, and therefore they are barred. In addition, Genotek's trespass to chattel claim fails because Genotek fails to plead any damage to AncestryDNA's patent applications.

3. Genotek's action to quiet title claim is also based on the same conduct as the breach of contract claim and is barred by the "economic loss" doctrine. In addition, this claim fails for independent reasons under both of the two potential governing legal regimes. Under Ontario law, an action to quiet title simply does not exist, except where such a claim is directed to real property. Genotek's attempt to quiet title in intellectual property cannot create a cause of action. Under Utah law, an action to quiet title cannot vest title in a claimant in the first instance, but can only perfect an existing title already in the plaintiff's possession as to other claimants. *W. States Contracting v. Spilsbury*, No. 2:10-CV-1141-TC, 2014 U.S. Dist. LEXIS 119731, at *35, *37 (D. Utah Aug. 26, 2014). In other words, Utah law requires that a plaintiff asserting an action to quiet title already have title to the property. Because Genotek does not allege that it already has title to AncestryDNA's patent applications, it cannot maintain its quiet title cause of action.

## IV. STATEMENT OF FACTS

AncestryDNA provides a service whereby it performs an analysis of DNA contained in a customer's saliva sample, returning a report on the ethnic heritage of the individual who provided the sample. In order to collect the sample, AncestryDNA sends the customer a collection device, sometimes called a "spit kit," into which the saliva sample is deposited. In

2012 and 2013, AncestryDNA obtained its collection devices from Genotek under a series of purchase orders referred to as sales quotes. Genotek alleges that these sales were governed by Terms and Conditions referenced in the complaint.

AncestryDNA ultimately developed its own collection device and began using it instead of Genotek's kits after the end of 2013. AncestryDNA filed patent applications on its device.

### A. Genotek's Willful Infringement Cause of Action

Genotek asserts that AncestryDNA willfully infringed U.S. Patent No. 8,221,381 ("the '381 patent"), and seeks treble damages in light of that allegation. (D.I. 7 at ¶ 54, Prayer for Relief (d).) In its amended complaint, Genotek states that "Ancestry was aware of the '381 Patent when engaging in these knowing and purposeful activities and was aware that the making, using, selling, or offering for sale of the Ancestry Product or services incorporating the Ancestry Product constituted an act of infringement of the '381 Patent." (*Id.* at ¶ 43.) However, the amended complaint's only factual allegations concerning such purported awareness relate to Genotek's alleged marking of its products with a patent number. The amended complaint states that "DNA Genotek has complied with any statutory requirement for placing a notice of its patents on its products, including but not limited to its Oragene•DNA®, Oragene•Discover®, and Oragene•Dx® branded saliva collection kits." (*Id.* at ¶ 55.)

The amended complaint also includes two allegations relating to Genotek product labels that were allegedly approved by AncestryDNA employee Dr. Kenneth Chahine and that allegedly include patent marking information:

- On February 13, 2012, Kenneth Chahine signed a customer approval form indicating his receipt, approval, and acknowledgement of the custom packaging of Ancestry's Saliva Collection Products provided by DNA Genotek. The signed form includes an image of the label that appeared on collection kits sold to Ancestry by DNA Genotek. The label identified that the product provided to Ancestry by DNA Genotek was covered by DNA Genotek's U.S. Patent No. 7,482,116 and other pending patents. (*Id.* at ¶ 46.)

4

- On September 20, 2012, Dr. Chahine approved an amended version of the Ancestry label for the DNA Genotek-provided Saliva Collection Products. The amended label changed the patent marking to include the words, "Patent (www.dnagenotek.com/legalnotices)." By at least October 30, 2012, DNA Genotek's legal notices web page indicated that at least DNA Genotek Saliva Collection Product Model No. OG-510 was protected by the '381 patent. The product DNA Genotek provided to Ancestry was a customized version of DNA Genotek's Model No. OG-510. The customized features of the product provided by DNA Genotek to Ancestry, e.g., the color of the cap, were not patentably distinct features compared to Model No. OG-510. On August 1, 2013, Ancestry filed the '329 Application and referenced DNA Genotek's patents and patent applications as prior art.[2] (*Id*. at ¶ 47.)

### B. Genotek's Breach of Contract, Conversion, Trespass to Chattel, and Action to Quiet Title Causes of Action

For its breach of contract claim in its original complaint, Genotek alleged that AncestryDNA breached the Terms and Conditions:

> by filing the '329 Application and the '701 Application in its own name, failing to disclose the '329 Application or the '701 Application to DNA Genotek, failing to disclose timely the Ancestry Product and any other Ancestry products covered by the '329 Application or the '701 Application to DNA Genotek, and failing to assign the rights to the '329 Application and the '701 Application to DNA Genotek.

(D.I. 1 at ¶ 58.)

Genotek's original conversion and trespass to chattel claims were based on the exact same conduct as the breach of contract claim. In particular, Genotek alleged that Ancestry committed conversion and trespass to chattel:

> by filing the '329 Application and the '701 Application in its own name, failing to disclose the '329 Application or the '701 Application to DNA Genotek, failing to disclose the Ancestry Product and any other Ancestry products covered by the '329 Application or the '701 Application to DNA Genotek, and failing to assign the rights to the '329 Application and the '701 Application to DNA Genotek.

---

[2] The '329 Application does not reference the '381 patent or any other patent application in the same family as the '381 patent. Genotek does not allege otherwise.

(*Id*. at ¶¶ 67, 75.)  For both claims, Genotek asserted that it "has the right to possess the intellectual property rights [described] in the '329 Application and the '701 Application pursuant to Section 10 of the Terms and Conditions."  (*Id*. at ¶¶ 65, 73.)

Genotek's action to quiet title claim in the original complaint was based on the same alleged conduct as its breach of contract claim.  Genotek asserted that AncestryDNA made an adverse claim to Genotek's rights in certain AncestryDNA patent applications:

> by filing the '329 Application and the '701 Application in its own name, failing to disclose the '329 Application or the '701 Application to DNA Genotek, failing to disclose the Ancestry Product and any other Ancestry products covered by the '329 Application or the '701 Application to DNA Genotek, and failing to assign the rights to the '329 Application and the '701 Application to DNA Genotek.

(*Id*. at ¶ 81.)  For its action to quiet title claim, Genotek again stated that it "has the right to possess the intellectual property rights in the '329 Application and the '701 Application pursuant to Section 10 of the Terms and Conditions."  (*Id*. at ¶ 80.)

After AncestryDNA informed Genotek that its conversion, trespass to chattel, and action to quiet title claims were barred as being based on the same conduct as the breach of contract claim, Genotek filed an amended complaint on July 24, 2015.  However, Genotek's conversion, trespass to chattel, and action to quiet title claims in the amended complaint are still based on the same conduct as the breach of contract claim.

For its amended conversion and trespass to chattel claims, Genotek states that "[b]y filing the '329 Application and the '701 Application with the intent to assign ownership to Ancestry, Ancestry has willfully and substantially interfered with intellectual property rights belonging to DNA Genotek."  (D.I. 7 at ¶¶ 69, 77.)  According to Genotek, it "has the right to possess the intellectual property rights [described] in the '329 Application and the '701 Application pursuant to Section 10 of the Terms and Conditions."  (*Id*. at ¶¶ 68, 76; *see also id*. at ¶¶ 70, 78.)

6

Genotek's action to quiet title allegations in the amended complaint are identical to the original complaint.  Genotek asserts that AncestryDNA made an adverse claim to Genotek's rights in certain AncestryDNA patent applications:

> by filing the '329 Application and the '701 Application in its own name, failing to disclose the '329 Application or the '701 Application to DNA Genotek, failing to disclose the Ancestry Product and any other Ancestry products covered by the '329 Application or the '701 Application to DNA Genotek, and failing to assign the rights to the '329 Application and the '701 Application to DNA Genotek.

(*Id*. at ¶ 84.)  Genotek again asserts that it "has the right to possess the intellectual property rights in the '329 Application and the '701 Application pursuant to Section 10 of the Terms and Conditions."  (*Id*. at ¶ 83.)   Genotek requests that the Court "quiet title to its property rights in the '329 Application and the '701 Application."  (*Id*. at ¶ 85.)

V. **GENOTEK'S WILLFUL INFRINGEMENT ALLEGATIONS DO NOT PLEAD ANY FACTS SHOWING AN OBJECTIVE RECKLESSNESS OF THE INFRINGEMENT RISK**

Genotek fails to plead facts sufficient to support its claim that AncestryDNA willfully infringed the '381 patent.  To prove a claim of willful infringement, a plaintiff must show (1) "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and (2) that "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to 'at least a showing of objective recklessness' of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc.*, 2012 WL 1134318, at *2-3 (citations omitted).  In particular, the complaint "must adequately allege 'factual circumstances in which the patents-in-suit [are] called to the attention' of the defendant[]." *MONEC Holding AG*, 897 F. Supp. 2d at 236; *see also Spherix Inc. v. Cisco Sys., Inc.*, C.A. No. 14-393-SLR, 2015 U.S. Dist. LEXIS 41069, at *5-6 (D. Del. Mar. 31, 2015)

(dismissing willful infringement claim where neither inclusion of patent in patent auction nor citation of the patent during prosecution of defendant's patent application were sufficient for patent to have been "called to the attention" of defendant).

Genotek's only attempts in its amended complaint to allege the requisite mental state are insufficient as a matter of law. In paragraph 43, Genotek states that "Ancestry was aware of the '381 Patent when engaging in these knowing and purposeful activities and was aware that the making, using, selling, or offering for sale of the Ancestry Product or services incorporating the Ancestry Product constituted an act of infringement of the '381 Patent." (D.I. 7 at ¶ 43.) But this conclusory sentence does not provide any "factual circumstances in which the patents-in-suit [were] called to the attention of [AncestryDNA]." *See MONEC Holding AG*, 897 F. Supp. 2d at 236.

Paragraph 55 of the amended complaint is also insufficient. It states that "DNA Genotek has complied with any statutory requirement for placing a notice of its patents on its products, including but not limited to its Oragene•DNA®, Oragene•Discover®, and Oragene•Dx® branded saliva collection kits." (*Id*. at ¶ 55.) Merely marking one's products does not show that AncestryDNA even had actual knowledge of the '381 patent, let alone an "objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc.*, 2012 WL 1134318, at *2-3 (citations omitted); *Imonex Servs., Inc.,* 408 F.3d at 1377 (explaining that constructive notice of a patent, such as by marking a product with a patent number, is not sufficient to support a finding of willful infringement).

Likewise, paragraphs 46 and 47 of the amended complaint do not support Genotek's willful infringement claim. These paragraphs assert that Dr. Kenneth Chahine, an AncestryDNA employee, approved labels for the Genotek products that Ancestry purchased and that these

labels allegedly included patent marking information. (D.I. 7 at ¶¶ 46-47.) Paragraph 46 states that "[t]he label identified that the product provided to Ancestry by DNA Genotek was covered by DNA Genotek's U.S. Patent No. 7,482,116 and other pending patents." Since U.S. Patent No. 7,482,116 ("the '116 patent") is not even in the same patent family as the '381 patent, marking a product with the '116 patent or "other pending patents" cannot possibly give AncestryDNA notice of the '381 patent, or show an "objective recklessness of the infringement risk" for the '381 patent. Paragraph 47 states that a revised label included the words "Patent (www.dnagenotek.com/legalnotices)," a reference to a web page that allegedly indicated that Genotek's OG-510 product was protected by the '381 patent. Such constructive notice of a patent is insufficient as a matter of law to support a finding of willful infringement. *Imonex Servs., Inc.*, 408 F.3d at 1377.

Because Genotek has not pled facts sufficient to support its willful infringement claim, this claim should be dismissed under Rule 12(b)(6).

## VI. GENOTEK'S CONVERSION AND TRESPASS TO CHATTEL CLAIMS ARE BARRED UNDER THE ECONOMIC LOSS DOCTRINE

### A. Genotek's Conversion and Trespass to Chattel Claims Are Governed by Utah Law

The Court should apply Utah law to determine whether Genotek's conversion and trespass to chattel claims should be dismissed. "Delaware courts look to the Restatement (Second) of Conflict of Laws for guidance when resolving choice of law disputes." *Boyce Thompson Inst. for Plant Research v. MedImmune, Inc.*, No. 07C-11-217-JRS, 2009 Del. Super. LEXIS 185, at *20 (Del. Super. Ct. May 19, 2009). Section 145(1) of the Restatement provides that the "the rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the *most significant relationship* to the occurrence and the parties . . . ." *Id.* at *20-21 (emphasis in original). "Factors the Court

9

should consider in this analysis include: (a) the place of injury; (b) the place of conduct causing the injury; (c) the domicile and residence of the parties; and (d) the place where the relationship, if any, between the parties is centered." *Id.* at *21. For torts such as conversion, "[t]he principal location of the defendant's conduct is the contact that will usually be given the greatest weight . . . ." *Benihana of Tokoyo, Inc. v. Benihana, Inc.*, 828 F. Supp. 2d 720, 725 (D. Del. 2011).

Here, although the place of the alleged injury is Ontario (Genotek's principal place of business; *see* D.I. 7 at ¶ 2), all of the conduct alleged to have caused that injury took place in Utah, where AncestryDNA is located (*see id.* at ¶ 3.) Since the parties are located in Ontario and Utah (*id.* at ¶¶ 2, 3), the relationship between the parties cannot be said to be centered in either location. For tort claims, the principal location of the defendant's conduct (Utah) is given the greatest weight. *See Benihana*, 828 F. Supp. 2d at 725. Therefore, Utah law should apply to Genotek's conversion and trespass to chattel claims.

### B. Under Utah Law, Genotek's Conversion and Trespass to Chattel Claims Are Barred Under the Economic Loss Doctrine Since They Are Based on the Same Conduct as Genotek's Breach of Contract Claim

Under Utah law, the torts of conversion and trespass to chattel are barred by the economic loss doctrine "where the exact same conduct is described in both contract and tort claims." *Advanced Recovery Sys. LLC*, 2013 U.S. Dist. LEXIS 160623, at *14-15 (dismissing conversion claim under the "economic loss" doctrine where the conversion claim was based on the same conduct as the breach of contract claim) (citation omitted).

In its original complaint, Genotek alleged that AncestryDNA breached the Terms and Conditions

> by filing the '329 Application and the '701 Application in its own name, failing to disclose the '329 Application or the '701 Application to DNA Genotek, failing to disclose timely the Ancestry Product and any other Ancestry products covered by the '329 Application or the '701 Application to DNA Genotek, and failing to

10

assign the rights to the '329 Application and the '701 Application to DNA Genotek.

(D.I. 1, ¶ 58.) Genotek's conversion and trespass to chattel claims were based on the exact same conduct. Genotek alleged that Ancestry committed conversion and trespass to chattel

> by filing the '329 Application and the '701 Application in its own name, failing to disclose the '329 Application or the '701 Application to DNA Genotek, failing to disclose the Ancestry Product and any other Ancestry products covered by the '329 Application or the '701 Application to DNA Genotek, and failing to assign the rights to the '329 Application and the '701 Application to DNA Genotek.

(*Id.* at ¶¶ 67, 75.) Aside from the word "timely," the conduct that Genotek alleged for its breach of contract claim is ***identical*** to the conduct that Genotek identified for its conversion and trespass to chattel claims.

After AncestryDNA informed Genotek that its conversion and trespass to chattel claims were barred under the economic loss doctrine, Genotek filed an amended complaint. This amended complaint attempts to hide the fact that the conversion and trespass to chattel claims are based on the alleged breach of contract. For its amended conversion and trespass to chattel claims, Genotek states that "[b]y filing the '329 Application and the '701 Application with the intent to assign ownership to Ancestry, Ancestry has willfully and substantially interfered with intellectual property rights belonging to DNA Genotek." (D.I. 7 at ¶¶ 69, 77.) According to Genotek, it "has the right to possess the intellectual property rights [described] in the '329 Application and the '701 Application pursuant to Section 10 of the Terms and Conditions." (*Id.* at ¶¶ 68, 76; *see also id*. at ¶¶ 70, 78.) In other words, Genotek alleges that Section 10 of the Terms and Conditions required AncestryDNA to assign its intellectual property rights in the '329 Application and the '701 Application to Genotek, and AncestryDNA's failure to do so was not only a breach of the contract, but also conversion and trespass to chattel. Genotek's amended conversion and trespass to chattel claims are still based on the alleged breach of contract. Thus,

11

just as in *Advanced Recovery Sys.*, Genotek's amended conversion and trespass to chattel claims are barred and should be dismissed.

Genotek's trespass to chattel claim also fails because Genotek fails to plead any harm to the chattel in question—AncestryDNA's patent applications. Under Utah law, a claim for trespass to chattel "requires that there be some damage to the chattel in question." *Walker v. Union Pacific R.R. Co.*, 844 P.2d 335, 343 n.9 (Utah Ct. App. 1992). Genotek does not allege any harm to AncestryDNA's patent applications. Genotek's trespass to chattel claim should therefore be dismissed for this additional reason.

## VII. GENOTEK'S ACTION TO QUIET TITLE CLAIM SHOULD BE DISMISSED

Genotek also fails to state a claim with its action to quiet title cause of action. For this claim, Genotek seeks a judgment that it is the rightful owner of certain patents and patent applications currently belonging to AncestryDNA. (D.I. 7 at ¶ 85, Prayer For Relief (i).) Genotek's quiet title claim is governed by either Utah or Ontario law, and it fails under either.

Ontario does not appear to recognize an action to quiet title outside of the Quieting Titles Act, which is directed to real property. Under Utah law, an action to quiet title cannot vest title, but can only perfect an existing title as to other claimants. *W. States Contracting*, 2014 U.S. Dist. LEXIS 119731, at *35, *37 (explaining "the express requirement that a quiet title claimant must have title before bringing such an action"). Genotek fails to state an action to quiet title under either Ontario or Utah law because (a) Genotek's action to quiet title claims is directed to intellectual property, not real property and (b) Genotek does not allege that it has an existing title to any of AncestryDNA's patents or patent applications. Genotek's action to quiet title claim should therefore be dismissed under Rule 12(b)(6).

Furthermore, this cause of action is based solely on the alleged breach of the Terms and Conditions. Just as in Genotek's original complaint, Genotek's amended action to quiet title claim asserts that AncestryDNA made an adverse claim to Genotek's rights:

> by filing the '329 Application and the '701 Application in its own name, failing to disclose the '329 Application or the '701 Application to DNA Genotek, failing to disclose the Ancestry Product and any other Ancestry products covered by the '329 Application or the '701 Application to DNA Genotek, and failing to assign the rights to the '329 Application and the '701 Application to DNA Genotek.

(D.I. 7 at ¶ 84.) Genotek further states that it "has the right to possess the intellectual property rights in the '329 Application and the '701 Application pursuant to Section 10 of the Terms and Conditions." (*Id*. at ¶ 83.) That is, Genotek's action to quiet title claim is based on its assertion that AncestryDNA breached the Terms and Conditions by failing to assign intellectual property rights in the '329 Application and the '701 Application to Genotek. Because Genotek's action to quiet title claim is coextensive with the breach of contract claim, it also fails under the economic loss doctrine, and should be dismissed for this additional reason.

## VIII. CONCLUSION

For all of the reasons discussed above, Genotek's willful infringement, conversion, trespass to chattel, and action to quiet title claims should be dismissed under Rule 12(b)(6).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael Sacksteder
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Melanie L. Mayer
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Tel: (206) 389-4510

Dated: August 10, 2015
1197716 / 42476

By: */s/ David E. Moore*
　　David E. Moore (#3983)
　　Bindu A. Palapura (#5370)
　　Stephanie E. O'Byrne (#4446)
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, DE 19801
　　Tel: (302) 984-6000
　　dmoore@potteranderson.com
　　bpalapura@potteranderson.com
　　sobyrne@potteranderson.com

*Attorneys for Defendant
Ancestry.com DNA, LLC*