# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DNA GENOTEK INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-355-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ANCESTRY.COM DNA, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## ANCESTRY.COM DNA, LLC'S ANSWER TO DNA GENOTEK INC.'S SECOND AMENDED COMPLAINT AND COUNTERCLAIMS

OF COUNSEL:

Michael Sacksteder
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Tel:  (415) 875-2300

Melanie L. Mayer
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
Tel:  (206) 389-4510

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Ancestry.com DNA, LLC*

Dated:  April 5, 2016
PUBLIC VERSION
Dated:  April 12, 2016
1221125 / 42476

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DNA GENOTEK INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-355-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ANCESTRY.COM DNA, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

### ANCESTRY.COM DNA, LLC'S ANSWER TO DNA GENOTEK INC.'S SECOND AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Ancestry.com DNA, LLC ("Ancestry DNA") hereby responds to the Second Amended Complaint ("SAC") of Plaintiff DNA Genotek Inc. ("Plaintiff" or "Genotek"). Each of the numbered paragraphs in the Answer below corresponds to the same numbered paragraphs in the SAC. Ancestry DNA denies each and every allegation contain in the SAC that is not expressly admitted below. Any factual allegation below that is admitted is admitted only as to the specific admitted fact, and not as to any purported conclusions, characterization, implications or speculations that arguably follow from the admitted fact. Ancestry DNA denies that Plaintiff is entitled to the relief requested or any other relief.

### I. ANSWER

Ancestry DNA hereby responds to the Complaint as follows:

1.      Ancestry DNA admits that the SAC purports to assert a claim arising under the patent laws of the United States, involving United States Patent No. 8,221,381 B2 ("the '381 patent"), an action for breach of contract, false designation of origin, false advertising, and an action to quiet title. Genotek's conversion and trespass to chattel claims have been dismissed. (D.I. 30.) Ancestry DNA denies the remaining allegations of paragraph 1.

**PARTIES**

2.      Ancestry DNA lacks sufficient information from which to admit or deny the

allegations of paragraph 2 and on that basis denies them.

3.      Ancestry DNA admits that it is a Delaware limited liability company with its

principal place of business in Provo, Utah.

**JURISDICTION AND VENUE**

4.      Ancestry DNA admits that the SAC purports to assert a claim arising under the

patent laws of the United States and that this Court has subject matter jurisdiction over the claim

arising under the patent laws of the United States.  Ancestry DNA admits that the breach of

contract and the action to quiet title arise under the laws of Ontario, Canada, and/or the common

laws of Delaware or other states.  Ancestry DNA admits that the Court has subject matter

jurisdiction over Genotek's breach of contract and action to quiet title claims.  Genotek's

conversion and trespass to chattel claims have been dismissed.  (D.I. 30.)  Ancestry DNA denies

the remaining allegation of paragraph 4.

5.      Ancestry DNA admits that this Court has personal jurisdiction over Ancestry

DNA.  Ancestry DNA admits that it is a Delaware limited liability company and that it has

transacted business in this judicial district.  Ancestry DNA denies the remaining allegations of

paragraph 5.

6.      Ancestry DNA admits that venue is proper in this judicial district.

**FACTUAL BACKGROUND**

7.      Ancestry DNA lacks sufficient information from which to admit or deny the

allegations of paragraph 7 and on that basis denies them.

8.      Ancestry DNA lacks sufficient information from which to admit or deny the

allegations of paragraph 8 and on that basis denies them.

**DNA Genotek and Ancestry DNA Entered Into Sales Agreements for
the DNA Genotek Saliva Collection Products**

9.     Ancestry DNA admits that before January 2012, Ancestry DNA and Genotek

discussed a business relationship whereby Ancestry DNA would purchase certain products from

Genotek.

10.     Ancestry DNA admits that in January 2012, Ancestry DNA and Genotek entered

into a Mutual Non-disclosure Agreement (the "NDA").

11.     Ancestry DNA denies the allegations of paragraph 11.

12.     Ancestry DNA denies the allegations of paragraph 12.

13.     Ancestry DNA admits that on or around February 7, 2012, Genotek provided to

Ancestry DNA a sales quote for 50,000 units of Genotek products.  Ancestry DNA lacks

sufficient information from which to admit or deny the remaining allegations of paragraph 13

and on that basis denies them.

14.     Ancestry DNA admits that on or around February 15, 2012, Kenneth Chahine

signed a sales quote dated February 7, 2012.  Ancestry DNA lacks sufficient information from

which to admit or deny the remaining allegations of paragraph 14 and on that basis denies them.

15.     Ancestry DNA admits that in 2012 and 2013, Ancestry DNA purchased more

than 300,000 units of the Genotek Saliva Collection Products.  Ancestry DNA denies the

remaining allegations of paragraph 15.

16.     Ancestry DNA admits that, at some time, it received Terms and Conditions from

Genotek.  Ancestry DNA denies the remaining allegations of paragraph 16.

17.     Ancestry DNA admits that Ancestry DNA's representative signed a sales quote

on or around June 3, 2013.  Ancestry DNA lacks sufficient information from which to admit or

deny the remaining allegations of paragraph 17 and on that basis denies them.

3

18.     Ancestry DNA denies the allegations of paragraph 18.

19.     Ancestry DNA denies the allegations of paragraph 19.

20.     Ancestry DNA denies the allegations of paragraph 20.

21.     Ancestry DNA admits that it purchased the Genotek Saliva Collection Products in

2013.  Ancestry DNA denies the remaining allegations of paragraph 21.

**Ancestry DNA Secretly Designed a New Device that Amounted to an Invention or
Discovery of a New Use, Improvement or Enhancement of the DNA Genotek Saliva
Collection Products**

22.     Ancestry DNA admits that it is the assignee of PCT Patent Application No. WO

2015/017701 A1, entitled "Sample Collection Device" ("the '701 Application").  Ancestry DNA

admits that Kenneth G. Chahine, Benjamin J. Oyler, and Catherine Ann Ball are named inventors

of the '701 Application.  Ancestry DNA denies that a true and correct copy of the '701

Application is attached as Exhibit B to the SAC.  No exhibits are attached to the SAC.  Ancestry

DNA denies any remaining allegations of paragraph 22.

23.     Ancestry DNA admits that the Background of the Invention section of the '701

Application recites the following:

> Examples of devices and compositions can be found in the following patents and
>
> published patent applications: WO 2003104251 A9; US20120061392;
>
> US20100099149; US20110212002; and US 7482116.

Ancestry DNA denies any remaining allegations of paragraph 23.

24.     Ancestry DNA admits that the '701 Application claims priority to U.S.

Provisional Application No. 61/861,329, filed on August 1, 2013 ("the '329 Application").

25.     Ancestry DNA admits that it was buying and using the Genotek Saliva Collection

Products from Genotek on August 1, 2013.

26.     Ancestry DNA denies the allegations of paragraph 26.

27.     Ancestry DNA denies the allegations of paragraph 27.

28.     Ancestry DNA denies the allegations of paragraph 28.

29.     Ancestry DNA denies the allegations of paragraph 29.

**Ancestry DNA Breached the Terms and Conditions At Least by Failing to Disclose That It Developed Its Own Product Based On the DNA Genotek Saliva Collection Products**

30.     Ancestry DNA admits that its employees and/or consultants hired by Ancestry DNA developed one or more sample collection devices. Ancestry DNA admits that one or more of the sample collection devices developed by Ancestry DNA are described in the '701 Application and the '329 Application. Ancestry DNA denies the remaining allegations of paragraph 30.

31.     Ancestry DNA denies the allegations of paragraph 31.

32.     Ancestry DNA denies the allegations of paragraph 32.

33.     Ancestry DNA denies the allegations of paragraph 33.

34.     Ancestry DNA admits that it sells and offers to sell DNA testing services. When a customer signs up for the Ancestry DNA testing service, Ancestry DNA sends the customer a sample collection device. The customer deposits a saliva sample in the device and returns it for testing. Ancestry DNA denies that it sells or offers to sell a sample collection device. Ancestry DNA denies any remaining allegations of paragraph 34.

**Ancestry DNA's Filing of the '329 Patent and the '701 Patent Without an Assignment to DNA Genotek Constitutes Conversion or Trespass to Chattel**

35.     Ancestry DNA admits that, by filing the '329 Application, Ancestry DNA is seeking the property rights afforded to it under the patent laws of the United States. Ancestry DNA admits that the inventors of the '329 Application and the '701 Application have assigned their rights and interest in those applications to Ancestry DNA. Ancestry DNA admits that it is

the owner by assignment of all right, title, and interest in and to the '329 Application and the '701 Application.  Ancestry DNA denies any remaining allegations of paragraph 35.

36.     Ancestry DNA denies the allegations of paragraph 36.

37.     Ancestry DNA lacks sufficient information from which to admit or deny the allegations of paragraph 37 and on that basis denies them.

38.     Ancestry DNA denies the allegations of paragraph 38.

**Ancestry DNA Infringes the '381 Patent**

39.     Ancestry DNA admits that the face of U.S. Patent No. 8,221,381 B2 ("the '381 Patent") identifies Genotek as an assignee of the '381 Patent.  Ancestry DNA admits that the '381 Patent, on its face, is titled "Container System For Releasably Storing A Substance." Ancestry DNA lacks sufficient information from which to admit or deny the remaining allegations of paragraph 39 and on that basis denies them.

40.     Ancestry DNA denies the allegations of paragraph 40.

41.     Ancestry DNA denies the allegations of paragraph 41.

42.     Ancestry DNA denies the allegations of paragraph 42.

43.     Ancestry DNA denies the allegations of paragraph 43

44.     Ancestry DNA denies the allegations of paragraph 44.

45.     Ancestry DNA admits that Kenneth Chahine is the Executive Vice President and General Manager at Ancestry DNA.  Ancestry DNA lacks sufficient information from which to admit or deny the remaining allegations of paragraph 45 and on that basis denies them.

46.     Ancestry DNA admits that on or around February 13, 2012, Kenneth Chahine signed a document titled "CP-040 Customization Requirements Document – Ancestry – Phase 1." Ancestry DNA admits that the signed document includes an image of a label that states,

among other things, "Patent issued and pending U.S. Patent No. 7,482,116." Ancestry DNA

denies the remaining allegations of paragraph 46.

47.     Ancestry DNA admits that on or around September 20, 2012, Kenneth Chahine

signed a document titled "CP-050 Customization Requirements Document – Ancestry – Phase

2." Ancestry DNA admits that the signed document includes an image of a label that states,

among other things, "Patent (www.dnagenotek.com/legalnotices)." Ancestry DNA admits that,

on or around August 1, 2013, the '329 Application was filed. Ancestry DNA admits that the

'329 Application recites the following:

> Examples of devices and compositions can be found in the following patents and
>
> published patent applications: WO 2003104251 A9; US20120061392;
>
> US20100099149; US20110212002; and US 7482116.

Ancestry DNA lacks sufficient information from which to admit or deny that by at least October

30, 2012, DNA Genotek's legal notices web page indicated that at least DNA Genotek Saliva

Collection Product Model No. OG-510 was protected by the '381 patent and on that basis denies

it. Ancestry DNA lacks sufficient information from which to admit or deny that the product

DNA Genotek provided to Ancestry DNA was a customized version of DNA Genotek's Model

No. OG-510 and on that basis denies it. Ancestry DNA denies the remaining allegations of

paragraph 47.

48.     Ancestry DNA admits that it has sold certain sample collection devices to

customers in packaging that includes the words "Made in USA." Ancestry DNA denies that it

sells the sample collection devices. Instead, it sells and offers to sell DNA testing services.

When a customer signs up for the Ancestry DNA testing service, Ancestry DNA sends the

customer a sample collection device. The customer deposits a saliva sample in the device and

returns it for testing.  Ancestry DNA lacks sufficient information from which to admit or deny the remaining allegations of paragraph 48 and on that basis denies them.

49.     Ancestry DNA lacks sufficient information from which to admit or deny the allegations of paragraph 49 and on that basis denies them.

50.     Ancestry DNA admits that it purchases the sample collection devices from Spectrum Solutions L.L.C.  Ancestry and Spectrum are not in a partnership.  Ancestry DNA lacks sufficient information regarding Spectrum's name change and on that basis denies this allegation of paragraph 50.  Ancestry DNA denies the remaining allegations of paragraph 50.

51.     Ancestry DNA admits that it purchases sample collection devices from Spectrum Solutions L.L.C.

52.     Ancestry DNA lacks sufficient information from which to admit or deny the allegations of paragraph 52 and on that basis denies them.

53.     ███████████████████████████████████████████████

████████████████████████████████████████████.

Ancestry DNA denies the remaining allegations of paragraph 53.

54.     Ancestry DNA admits that some of its products include a cap, funnel, and collection tube.  Ancestry DNA admits that some of its products are packaged in a plastic tray and covered by a lid.  ███████████████████████████████

████████████████████████████████████████████

████  Ancestry DNA denies the remaining allegation of paragraph 54.

55.     Ancestry DNA denies the allegations of paragraph 55.

56.     Ancestry DNA admits that it markets its products to existing customers.  Ancestry DNA denies the remaining allegations of paragraph 56.

57.     Ancestry DNA denies that Ancestry DNA and Spectrum are in a partnership. Ancestry DNA denies the remaining allegations of paragraph 57.

58.     Ancestry DNA lacks sufficient information regarding what Spectrum advertises and therefore denies the allegations related to Spectrum's advertising.  Ancestry DNA denies that Ancestry DNA and Spectrum are in a partnership.  Ancestry DNA denies the remaining allegations of paragraph 58.

59.     Ancestry DNA lacks sufficient information from which to admit or deny that Genotek's products are manufactured in Canada and on that basis denies it.  Ancestry DNA lacks sufficient information from which to admit or deny that Genotek does not advertise its products as "Made in USA" and on that basis denies it.  Ancestry DNA denies the remaining allegation of paragraph 59.

## COUNT I – INFRINGEMENT OF THE '381 PATENT

60.     Ancestry DNA incorporates herein by reference each and every response set forth in the preceding paragraphs.

61.     Ancestry DNA denies the allegations of paragraph 61.

62.     Ancestry DNA denies the allegations of paragraph 62.

63.     Ancestry DNA denies the allegations of paragraph 63.

64.     Ancestry DNA denies the allegations of paragraph 64.

65.     Ancestry DNA denies the allegations of paragraph 65.

66.     Ancestry DNA denies the allegations of paragraph 66.

67.     Ancestry DNA lacks sufficient information from which to admit or deny the allegations of paragraph 67 and on that basis denies them.

68.     Ancestry DNA denies the allegations of paragraph 68.

69.     Ancestry DNA denies the allegations of paragraph 69.

### COUNT II – BREACH OF CONTRACT

70.     Ancestry DNA incorporates herein by reference each and every response set forth in the preceding paragraphs.

71.     Ancestry DNA denies the allegations of paragraph 71.

72.     Ancestry DNA denies the allegations of paragraph 72.

73.     Ancestry DNA denies the allegations of paragraph 73.

74.     Ancestry DNA denies the allegations of paragraph 74.

75.     Ancestry DNA denies the allegations of paragraph 75.

76.     Ancestry DNA denies the allegations of paragraph 76.

77.     Ancestry DNA denies the allegations of paragraph 77.

78.     Ancestry DNA denies the allegations of paragraph 78.

### COUNT III - CONVERSION

79.     The Court has dismissed Genotek's conversion claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 79.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 79, Ancestry DNA incorporates herein by reference each and every response set forth in the preceding paragraphs.

80.     The Court has dismissed Genotek's conversion claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 80.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 80, Ancestry DNA denies those allegations.

81.     The Court has dismissed Genotek's conversion claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 81.  To the extent that

Ancestry DNA is required to answer the allegations of paragraph 81, Ancestry DNA denies those allegations.

82.     The Court has dismissed Genotek's conversion claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 82.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 82, Ancestry DNA denies those allegations.

83.     The Court has dismissed Genotek's conversion claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 83.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 83, Ancestry DNA denies those allegations.

84.     The Court has dismissed Genotek's conversion claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 84.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 84, Ancestry DNA denies those allegations.

85.     The Court has dismissed Genotek's conversion claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 85.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 85, Ancestry DNA denies those allegations.

## COUNT IV – TRESPASS TO CHATTEL

86.     The Court has dismissed Genotek's trespass to chattel claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 86.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 86, Ancestry DNA incorporates herein by reference each and every response set forth in the preceding paragraphs.

11

87.     The Court has dismissed Genotek's trespass to chattel claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 87.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 87, Ancestry DNA denies those allegations.

88.     The Court has dismissed Genotek's trespass to chattel claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 88.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 88, Ancestry DNA denies those allegations.

89.     The Court has dismissed Genotek's trespass to chattel claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 89.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 89, Ancestry DNA denies those allegations.

90.     The Court has dismissed Genotek's trespass to chattel claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 90.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 90, Ancestry DNA denies those allegations.

91.     The Court has dismissed Genotek's trespass to chattel claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 91.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 91, Ancestry DNA denies those allegations.

92.     The Court has dismissed Genotek's trespass to chattel claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 92.  To the extent

that Ancestry DNA is required to answer the allegations of paragraph 92, Ancestry DNA denies those allegations.

93.     The Court has dismissed Genotek's trespass to chattel claim (D.I. 30) and thus Ancestry DNA is not required to answer the allegations contained in paragraph 93.  To the extent that Ancestry DNA is required to answer the allegations of paragraph 93, Ancestry DNA denies those allegations.

## COUNT V – ACTION TO QUIET TITLE

94.     Ancestry DNA incorporates herein by reference each and every response set forth in the preceding paragraphs.

95.     Ancestry DNA denies the allegations of paragraph 95.

96.     Ancestry DNA denies the allegations of paragraph 96.

97.     Ancestry DNA admits that the SAC purports to assert a claim for quite title. Ancestry DNA denies the remaining allegations of paragraph 97.

## COUNT VI – FALSE DESIGNATION OF ORIGIN

## (Lanham Act, 15 U.S.C. § 1125, *et. seq.*)

98.     Ancestry DNA incorporates herein by reference each and every response set forth in the preceding paragraphs.

99.     Ancestry DNA denies that it sells or offers to sell a sample collection device. Ancestry DNA denies any remaining allegations of paragraph 99.

100.     Ancestry DNA denies the allegations of paragraph 100.

101.     Ancestry DNA denies the allegations of paragraph 101.

102.     Ancestry DNA denies the allegations of paragraph 102.

103.     Ancestry DNA denies the allegations of paragraph 103.

104.    Ancestry DNA denies the allegations of paragraph 104.

105.    Ancestry DNA denies the allegations of paragraph 105.

106.    Ancestry DNA denies the allegations of paragraph 106.

## COUNT VII – FALSE ADVERTISING

## (Lanham Act, 15 U.S.C. § 1125, *et. seq.*)

107.    Ancestry DNA incorporates herein by reference each and every response set forth in the preceding paragraphs.

108.    Ancestry DNA denies that it sells or offers to sell a sample collection device. Ancestry DNA denies any remaining allegations of paragraph 108.

109.    Ancestry DNA denies the allegations of paragraph 109.

110.    Ancestry DNA denies the allegations of paragraph 110.

111.    Ancestry DNA denies the allegations of paragraph 111.

112.    Ancestry DNA denies the allegations of paragraph 112.

113.    Ancestry DNA denies the allegations of paragraph 113.

114.    Ancestry DNA denies the allegations of paragraph 114.

## PRAYER FOR RELIEF

Ancestry DNA denies that Genotek is entitled to any relief, including the relief prayed for in Genotek's Prayer for Relief

## DEFENDANT ANCESTRY DNA'S DEFENSES

Ancestry DNA alleges and asserts the following defenses.  Ancestry DNA expressly reserves the right to allege additional defenses.

## FIRST DEFENSE

### (Failure to State Sufficient Facts to Constitute a Claim)

Genotek's claims are barred, in whole or in part, by Genotek's failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Non-Infringement)

Ancestry DNA does not infringe, and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '381 patent.

## THIRD DEFENSE

### (Invalidity)

One or more claims of the '381 Patent are invalid under one or more of sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq.*

For example, one or more of the following references anticipates the claims of the '381 Patent under 35 U.S.C. § 102 and/or renders the claims of the '381 Patent obvious under 35 U.S.C. § 103:

- U.S. Patent No. 7,645,424 to O'Donovan

- PCT Patent Publication WO 2003/104251 to DNA Genotek, Inc. (ex-US designations) and Birnboim (US designation)

- U.S. Patent No. 6,152,296 to Shih

- PCT Patent Publication WO98/03265 (Japanese)

- German Publication DE 199 50 884 A1 (German)

- U.S. Patent No. 6,228,323 to Asgharian, et al.

## FOURTH ADEFENSE

### (Damages Limited)

Some or all of Plaintiff's claims for damages are statutorily barred, in whole or in part,

based on 35 U.S.C. § 286 and/or § 287.  Some or all of Plaintiff's claims for damages are also

barred, in whole or in part, based on Genotek's agreement (including Genotek's contractual

agreement) to limitations on damages, including Genotek's agreement that Ancestry DNA would

not be liable for incidental, punitive, special, consequential, or liquidated damages of any kind.

Some of all of Plaintiff's claims for damages are also barred, in whole or in part, based on

Genotek's agreement (including Genotek's contractual agreement) that, in no event will

Ancestry DNA's liability, if any, exceed the net selling price of sample collection devices that

Ancestry DNA purchased from Genotek.

## FIFTH DEFENSE

### (Dedication to the Public)

Genotek has dedicated to the public any method, system, and/or product disclosed in the

'381 Patent, but not literally claimed therein, and is therefore estopped from claiming

infringement by any such public domain method, system, and/or product.

## SIXTH DEFENSE

### (Prosecution History Estoppel)

The relief sought by Genotek is barred, in whole or in part, under the doctrine of

prosecution history estoppel in light of statements made by Genotek during the prosecution of

the patent application leading to the '381 Patent and/or related patents.

## SEVENTH DEFENSE

### (Failure to Mitigate Damages)

Genotek's claims are barred, in whole or in part, by Genotek's failure to mitigate damages.

## EIGHTH DEFENSE

### (Non-Liability for Acts of Third Parties)

Ancestry DNA is not liable for the acts of third parties, including parties who offer to sell and sell products advertised, or sold by Ancestry DNA.

## NINTH DEFENSE

### (No Injunctive Relief)

Genotek is not entitled to any injunctive relief because (1) Genotek cannot show that it has suffered or will suffer any irreparable injury as a result of the actions of Ancestry DNA; (2) Genotek cannot show that remedies available at law, such as monetary damages, are inadequate to compensate Genotek for any alleged injury caused by the alleged actions of Ancestry DNA; (3) Genotek cannot show that, considering the balance of hardships between Genotek and Ancestry DNA, a remedy in equity is warranted; and (4) Genotek cannot show that the public interest favors an injunction against Ancestry DNA.

## TENTH DEFENSE

### (Lack of Standing)

Genotek lacks standing to bring a claim under the Lanham Act.

## ELEVENTH DEFENSE

### (Unjust Enrichment)

Genotek is seeking to recover more than Genotek is entitled to recover in this case, and an award of the judgment sought by Genotek would unjustly enrich Genotek.

## TWELFTH DEFENSE

### (Mistake)

Genotek's breach of contract and quiet title claims are barred by the doctrine of mistake, both unilateral and mutual.

## THIRTEENTH DEFENSE

### (Unclean Hands)

Genotek, by its own acts and omissions, is barred from any recovery in this action by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

### (No Breach)

As a defense to the breach of contract cause of action, Ancestry DNA asserts that it has performed all the duties under the contract other than any duties which were prevented or excused, and therefore never breached the agreement.

## FIFTEENTH DEFENSE

### (Illegality)

The Terms and Conditions as Genotek seeks to enforce them are illegal, and/or the enforcement of the Terms and Conditions as purportedly requested by Genotek in the SAC would violate the antitrust laws of the United States.

## SIXTEENTH DEFENSE

### (Delay, Acquiescence, and Laches)

Genotek's claims are barred by the doctrine of delay, acquiescence, and laches.

## SEVENTIETH DEFENSE

### (Consent, Waiver, and Estoppel)

Genotek's claims are barred by the doctrines of consent, waiver, and estoppel.

## DEFENDANT ANCESTRY DNA'S COUNTERCLAIMS AGAINST GENOTEK

Defendant and Counter-claimant Ancestry DNA, LLC ("Ancestry DNA"), by and through its counsel, submits the following counterclaims against Plaintiff and Counter-Defendant DNA Genotek Inc. ("Genotek").

### THE PARTIES

1.      Counter-claimant Ancestry DNA is a Delaware limited liability company with its principal place of business in Provo, Utah.

2.      Upon information and belief, Counter-Defendant Genotek is a Canadian corporation with its principal place of business in Kanata, Ontario.  Upon information and belief, Genotek is a wholly-owned subsidiary of OraSure Technologies, Inc., a Delaware corporation with its principal place of business in Bethlehem, Pennsylvania.

### JURISDICTION AND VENUE

3.      This is an action for a declaration of non-infringement and invalidity of U.S. Patent No. 8,221,381 ("the '381 Patent"), and an action to quiet title.  This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 2201 and 2202.

4.      Genotek has consented to both personal jurisdiction and venue in this district by virtue of commencing this lawsuit.  Venue is also proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement)

5.      Ancestry DNA incorporates by reference and re-alleges each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

6.      Genotek asserts in this action that Ancestry DNA is liable to it for infringement of the '381 Patent.

7.      Ancestry DNA has not infringed, and is not infringing, directly or indirectly by inducement or contributorily, any claim of the '381 Patent, either literally or under the doctrine of equivalents, and is not liable for infringement thereof.  For example, Ancestry DNA's sample collection device does not include a "vial comprising . . . a piercing member."  Ancestry DNA's sample collection device also does not include a piercing member with a "first pointed corner."

8.      An actual case or controversy exists between Ancestry DNA and Genotek that is ripe for adjudication by this Court based on Genotek having commenced this lawsuit against Ancestry DNA alleging infringement of the '381 Patent.

9.      To resolve the legal and factual questions raised by Genotek in the Second Amended Complaint and to afford relief from the uncertainty and controversy caused by the allegations of Genotek raised therein, Ancestry DNA is entitled to a declaratory judgment that it does not directly or indirectly infringe, and has not directly or indirectly infringed, any claims of the '381 Patent, either literally or under the doctrine of equivalents.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity)

10.     Ancestry DNA incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

11.     An actual case or controversy exists between Ancestry DNA and Genotek that is ripe for adjudication by this Court based on Genotek having commenced this lawsuit against Ancestry DNA alleging infringement of the '381 Patent.

12.     One or more claims of the '381 Patent are each invalid for failure to comply with one or more of the statutory provisions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq.* For example, one or more of the following references anticipates the claims of the '381 Patent under 35 U.S.C. § 102 and/or renders the claims of the '381 Patent obvious under 35 U.S.C. § 103:

- U.S. Patent No. 7,645,424 to O'Donovan
- PCT Patent Publication WO 2003/104251 to DNA Genotek, Inc. (ex-US designations) and Birnboim (US designation)
- U.S. Patent No. 6,152,296 to Shih
- PCT Patent Publication WO98/03265 (Japanese)
- German Publication DE 199 50 884 A1 (German)
- U.S. Patent No. 6,228,323 to Asgharian, et al.

## THIRD CAUSE OF ACTION

### (Quiet Title)

13.     Ancestry DNA incorporates by reference and re-alleges each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

14.     Ancestry DNA is the owner by assignment of all right, title, and interest in and to PCT Patent Application No. WO 2015/017701 A1, entitled "Sample Collection Device" ("the '701 Application").

15.     Ancestry DNA is the owner by assignment of all right, title, and interest in and to U.S. Provisional Application No. 61/861,329, filed on August 1, 2013 ("the '329 Application").

16.     Genotek has made an adverse claim to Ancestry DNA's rights in the '329 Application and the '701 Application by purportedly including a quiet title claim in its Second Amended Claim and seeking a judgment from this Court that Genotek is the rightful owner of the '329 Application and the '701 Application and any related applications, related patents, or foreign counterparts.

17.     Ancestry DNA seeks to quiet title to its property rights in the '329 Application and the '701 Application.

**PRAYER FOR RELIEF**

WHEREFORE, Ancestry DNA prays for judgment against Plaintiff/Counter-defendant Genotek Inc. as follows:

1.     A judgment dismissing Plaintiff/Counter-defendant Genotek's Second Amended Complaint in its entirety, with prejudice, and finding that Plaintiff/Counter-defendant recovers nothing thereon;

2.     A judgment declaring that Defendant/Counter-claimant Ancestry DNA has not directly or indirectly infringed, and is not directly or indirectly infringing, U.S. Patent No. 8,221,381, either literally or under the doctrine of equivalents;

3.     A judgment declaring that one or more claims of U.S. Patent No. 8,221,381 is invalid;

4.      A judgment that Ancestry DNA is the rightful owner of the '329 Application and the '701 Application and any related applications, related patents, or foreign counterparts;

5.      A judgment awarding Defendant/Counter-claimant Ancestry DNA its litigation costs, including attorneys' fees, incurred in the defense of this action, pursuant to 35 U.S.C. § 285; and

6.      Such further relief to Defendant/Counter-claimant Ancestry DNA as deemed just and proper by this Court.

### JURY TRIAL DEMANDED

Defendant respectfully demands a trial by jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael Sacksteder
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Tel:  (415) 875-2300

Melanie L. Mayer
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
Tel:  (206) 389-4510

Dated:  April 5, 2016
PUBLIC VERSION
Dated:  April 12, 2016
1221125 / 42476

By:   /s/ David E. Moore
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Stephanie E. O'Byrne (#4446)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      dmoore@potteranderson.com
      bpalapura@potteranderson.com
      sobyrne@potteranderson.com

*Attorneys for Defendant Ancestry.com DNA, LLC*

23