IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DNA GENOTEK INC.,
Plaintiff,

v.

ANCESTRY.COM DNA, LLC,
Defendant.

C.A. No. 15-355-SLR

**PATENT CASE SCHEDULING ORDER**

At Wilmington this 13th day of June, 2016, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Fact Discovery.**

(a) All fact discovery shall be commenced in time to be completed by **February 1, 2017**.

(b) **Management.** Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(c) **Initial Disclosures.** Absent agreement among the parties:

(1) The parties shall exchange the following information identified at the Rule 26(f) conference by **June 15, 2016:**

- Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)

- Initial disclosures of custodians, non-custodial data sources, and notice pursuant to the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information

(2) On or before **June 15, 2016**, plaintiff shall identify the accused product(s)[1] and its damages model, as well as the asserted patent(s) the accused product(s) allegedly infringe(s). Plaintiff shall produce the file history for each asserted patent.

(3) On or before **July 15, 2016**, defendant shall produce to plaintiff the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(4) The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

(5) On or before **August 15, 2016**, plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(6) On or before **September 14, 2016**, defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

---

[1] Including accused methods and systems.

(d) **Document production.**

(1) Maximum of 100 requests for production by each party to any other party. Discovery of paper and electronic documents shall be completed on or before **October 14, 2016**.

(e) **Depositions.**

(1) No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(2) The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

(f) **Written Discovery.**

(1) Maximum of 25 interrogatories by each party to any other party.

(2) Final infringement contentions[2] shall be due on or before **November 18, 2016.**

(3) Final invalidity contentions shall be due on or before **December 16, 2016**.

(4) Maximum of 50 requests for admission by each party to anyother party.

(g) **Supplementation.** The parties must finally supplement, *inter alia*, the identification of all accused products by no later than **November 4, 2016** and of all invalidity references by no later than December 2, 2016.

[2] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and/or to amend pleadings shall be filed on or before **December 22, 2016**.

3. **Willfulness.** If willfulness has been asserted, defendant must inform plaintiff that it intends to rely on the opinion of counsel no later than December 2, 2016.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR.

5. **Claim Construction.**[4]

(a) The parties shall exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **August 19, 2016.**

(b) The parties shall agree upon and file a Joint Claim Construction Statement on **September 9, 2016**. For any contested claim limitation, each party must submit a proposed construction.[5]

(c) Plaintiff shall serve and file its opening brief on claim construction on or before **September 30, 2016**.

(d) Defendant shall serve and file its answering claim construction brief on or before **October 21, 2016**.

(e) Plaintiff shall serve and file its reply brief on or before **November 4, 2016**.

[3] The court may also refer ADR to a Special Master.

[4] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

[5] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

(f) Defendant shall serve and file its surreply brief on or before **November 18, 2016**.

(g) The court shall conduct a hearing on claim construction on Friday, December 2, 2016 @ 1:00 p.m. ~~**[Parties propose the week of November 28, 2016**~~].[6]

(h) The court shall issue its decision on claim construction on or before January 18, 2017. [~~**Parties propose mid-January 2017**~~].

(i) The court shall thereafter conduct a status conference on February 2, 2017 @ 4:30 p.m., ~~**[Parties propose week of January 30, 2017**~~], the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6. **Expert Discovery.**

(a) All expert discovery shall be commenced in time to be completed by **May 19, 2017**.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before **February 24, 2017**. Rebuttal expert reports shall be served on or before **March 24, 2017**. Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **April 14, 2017**.

(c) Expert depositions are limited to a maximum of 7 hours, absent agreement of the parties or order of the court.

(d) The court shall conduct an in-person status conference on May 10, 2017 @ 4:30 p.m., ~~**[Parties propose week of May 8, 2017]**~~, if the parties have any issues regarding expert discovery. No

---

[6] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

*Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

7. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

8. **Motion Practice.**

(a) All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b) All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

(c) All summary judgment motions shall be served and filed on or before **June 2, 2017, for issues on which the movant bears the burden of proof and June 23, 2017, for issues on which the non-movant bears the burden of proof**. Absent order of the court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand. Because this case involves claims for breach of contract, quiet title, and violation of the Lanham Act in addition to claims of patent infringement, the parties shall confer no later than **May 22, 2017** regarding the issues for summary judgment and the sequencing of summary judgment briefing on those issues.

(1) Opening briefs on infringement, invalidity, and any other issue on which the movant bears the burden of proof shall be served and filed on **June 2, 2017**.

(2) Opening briefs or combined opening-answering briefs on noninfringement, validity, and any issue on which the non-movant bears the burden of proof shall be served and filed on **June 23, 2017**.

(3) Where cross-motions are presented:

(i) Combined answering-reply briefs on infringement, invalidity, and any issue on which the movant bears the burden of proof, in response to the briefs filed pursuant to (2) above shall be served and filed on **June 23, 2017**.

(ii) Reply briefs on noninfringement, validity, and any issue on which the non-movant bears the burden of proof shall be served and filed on **August 4, 2017**.

(4) Where cross-motions are not presented:

(i) Answering briefs on infringement, invalidity, and any issue on which the movant bears the burden of proof shall be served and filed on **June 23, 2017.** Answering briefs on noninfringement, validity, and any issue on which the non-movant bears the burden of proof shall be served and filed on **July 14, 2017.**

(ii) Reply briefs on infringement, invalidity, and any issue on which the movant bears the burden of proof shall be served and filed on **July 14, 2017**. Reply briefs on noninfringement, validity, and any issue on which the non-movant bears the burden of proof shall be served and filed on or before **August 4, 2017**.

(5) The court shall hear oral argument on said motion(s) on **August 25, 2017**.

9. **Communications with the Court.**

(a) Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to sir civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

10. **Motions in Limine.** No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference shall be held on **October 19, 2017**. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for a **5 day trial commencing November 6, 2017.** For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

United States District Judge